FILED    RECEIVED    LODGED    COPY

JAN 1 9 1999

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| MICHAEL GILLASPIE, ) | |
|             Petitioner, ) | |
|       v. ) | CIV 99-022-TUC-JC |
| STATE OF ARIZONA, et al., ) | **ORDER** |
|             Respondents. ) | |

Michael Gillaspie (Petitioner), presently confined in the Special Management Unit-I at the Arizona State Prison Complex-Eyman in Florence, Arizona (ASPC-Eyman), filed with the Clerk of the Court on January 12, 1999 a pro se Petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 and Appendices. The five dollar ($5.00) filing fee was paid.

Petitioner alleges five (5) grounds in support of his request for habeas corpus relief:

1. Petitioner was deprived of effective assistance of counsel and a fair trial.

2. Petitioner's requested jury instruction number four (4) was fundamental error and a structural defect.

3. Petitioner's trial counsel was ineffective for requesting the Dorman instruction.

4. Petitioner would have been entitled to an instruction on "crime prevention" pursuant to A.R.S. §13-411 under Taylor and Hussain.

5. Petitioner's appellate attorney was ineffective for failing to raise the Dorman issue and for



failing to assert Taylor on appeal.

Named as Respondents to the Petition are the State of Arizona and Terry Stewart. Petitioner names the Arizona Attorney General as an Additional Respondent.

Pursuant to Rule 2(a), Rules Governing Section 2254 Cases, the state officer having custody of the applicant for a writ of habeas corpus shall be named as respondent. Where the inmate's warden and the director of corrections both have the power to produce the inmate, either or both may be named as appropriate respondents to a habeas petition by a person in state custody. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895-96 (9th Cir. 1996). In Arizona, the Director of the Department of Corrections is required to "hold in custody all persons sentenced to the department under the law and shall hold such persons for the term directed by the court, subject to law." 10 Ariz. Rev. Stat. Ann. §31-201.01(A). In addition, Petitioner may name the State Attorney General as an additional respondent under Rule 2(b), Rules Governing Section 2254 Cases.

Here, Plaintiff has named the State of Arizona which is not a proper Respondent. Accordingly, the State of Arizona will be dismissed from this action.

Petitioner alleges that he presented each of his grounds to the Arizona Supreme Court. A review of the Petition indicates that an answer is required. 28 U.S.C. §2254(a).[1]

**IT IS THEREFORE ORDERED**:

(1) That the State of Arizona is DISMISSED WITHOUT PREJUDICE from this action;

(2) That a copy of the Petition, Appendices and this Order be served by the Clerk of the Court upon the Respondent and the Additional Respondent Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

(3) That Respondent answer the Petition within forty (40) days of the date of service pursuant to Rule 5, Rules Governing § 2254 Cases. Respondent shall not file a dispositive motion in place of an answer without first showing cause why an answer is inadequate. The answer shall address the issue of exhaustion of state remedies. The answer shall fully comply with the disclosure requirements

---

[1]   The Court notes that Petitioner does not clearly allege a violation of the Constitution, laws or treaties of the United States in grounds two (2) and four (4).

of Rule 5, Rules Governing § 2254 Cases;

(4)  That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned and additional copies for each Judge in three-judge cases.  _See_ Rule 1.9(g) of the Rules of Practice of the U.S. District Court for the District of Arizona (Local Rules).  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Petitioner;

(5)  That Petitioner shall serve upon Respondent, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondent or the counsel.  Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

(6)  That at all times during the pendency of this action, Petitioner shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Petitioner has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to  Rule 41(b)(1) of the Federal Rules of Civil Procedure.

Dated this ___/ _ll____ day of ____J _ un_____, 1999.

RANER C. COLLINS
United States District Judge

3