FILED _____ LODGED
_____ RECEIVED _____ COPY

JAN 1 4 2000

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| MICHAEL GILLASPIE,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF ARIZONA, et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)   No. CV 99-22-TUC-RCC<br>)<br>)   **ORDER**<br>)<br>) |

On December 23, 1999, this Court entered an Order and Judgment denying Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. On January 5, 2000, Petitioner filed a Notice of Appeal and Motion for Certificate of Appealability.

Before Petitioner can appeal this Court's Order, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c); Fed.R.App.P. 22(b). Federal Rules of Appellate Procedure, Rule 22(b), requires the district court who rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue." Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c).

Petitioner presented five claims to the Court that he now seeks to appeal:

1.      Jury instruction deprived Petitioner of a fair trial;

2.      Jury instruction shifted the burden of proof;

3.      Ineffective assistance of trial counsel;

4.      Change in the law; and

5.      Ineffective assistance of appellate counsel.

The Court found these claims insufficient to support the issuance of a Writ of Habeas Corpus. Nevertheless, the Petitioner's claims are now revisited applying the standards set forth in 28 U.S.C. § 2253.

First, Petitioner argued that he was deprived a fair trial because the court did not give a crime prevention instruction. A crime prevention instruction was not warranted because such a defense was not presented and Petitioner was not protecting his home, its contents or residents at the time the shooting occurred. Petitioner's arguments do not make a substantial showing that the failure to give a crime prevention instruction so infected his trial as to violate his right to due process.

Second, Petitioner claimed that the justification jury instruction, without the crime prevention defense, shifted the burden of proof. The state court gave clear instructions on the state's burden of proof, therefore, Petitioner failed to make a substantial showing of a constitutional violation.

Third, Petitioner alleges ineffective assistance of counsel based on failure to offer a crime prevention instruction. His counsel in fact offered a crime prevention instruction, although perhaps not the most well-drafted instruction. Petitioner fails to a make a substantial showing that counsel's potentially deficient jury instruction caused him any prejudice and deprived him of

effective assistance of counsel.

Fourth, Petitioner argues that the case of *State v. Taylor*, 817 P.2d 488, 169 Ariz. 121 (1991), constituted a change in the law that would probably overturn his convictions if applied to his case. As found by both the state courts and this Court, the *Taylor* case is not analogous to Petitioner's case, therefore, Petitioner's argument based on that case does not make a substantial showing of a constitutional violation.

Fifth, Petitioner claims ineffective assistance of appellate counsel for failure to cite the *Taylor* case. Because the *Taylor* analysis is inapplicable to Petitioner's case his counsel cannot have been deficient for failing to cite to it.

Because Petitioner did not make a substantial showing of the denial of a constitution right with respect to any of his claims the Court will deny Petitioner's Motion for Certificate of Appealability.

Accordingly, IT IS **ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

Dated this 13th day of January, 2000.

RANER C. COLLINS
United States District Judge

- 3 -